UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RUSSELL SMITH                                    Index No.: 17-cv-5968

                              Plaintiff,          **COMPLAINT**

         *-against-*                      PLAINTIFF DEMANDS TRIAL
                                           BY JURY

THE CITY OF NEW YORK, POLICE OFFICER GONZALEZ of the 32nd Precinct of the NYPD, POLICE OFFICER MENDOZA of the 32nd Precinct of the NYPD, POLICE OFFICER WHITTERNEU of the 32nd Precinct of the NYPD, and POLICE OFFICER ALIGNI of the 32nd Precinct of the NYPD,

                              Defendants.
----------------------------------------------------------------X

Plaintiff, RUSSELL SMITH, by his attorney, Alexis G. Padilla, Esq., complaining of the defendants, the CITY OF NEW YORK, POLICE OFFICER GONZALEZ of the 32nd Precinct of the NYPD, POLICE OFFICER MENDOZA of the 32nd Precinct of the NYPD, POLICE OFFICER WHITTERNEU of the 32nd Precinct of the NYPD, and POLICE OFFICER ALIGNI of the 32nd Precinct of the NYPD, upon information and belief alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff, RUSSELL SMITH, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the incident underlying this suit occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5. Plaintiff is a United States citizen of full age and a resident of New York City.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the Defendant Police Officer.

7. Defendant POLICE OFFICER GONZALEZ of the 32nd Precinct of the NYPD was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times

relevant herein, defendant GONZALEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8. Defendant POLICE OFFICER MENDOZA of the 32nd Precinct of the NYPD was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant MENDOZA acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

9. Defendant POLICE OFFICER WHITTERNEU of the 32nd Precinct of the NYPD was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant WHITTERNEU acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and

employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

10. Defendant POLICE OFFICER ALIGNI of the 32nd Precinct of the NYPD was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant ALIGNI acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

11. On or about May 5, 2015 at approximately 5:30 P.M. in the vicinity of Adam Clayton Powell Jr. Boulevard near West 133rd Street plaintiff observed a vehicle stopped by the police and then noticed that the vehicle belonged to his brother.

12. Plaintiff approached the stopped vehicle and saw that it was indeed his brother behind the wheel.

13. Plaintiff asked his brother what was going on.

14. Plaintiff then looked over at the group of officers who ordered the stop and realized that he was familiar with one of them – defendant GONZALEZ – from prior interactions in the community.

15. Plaintiff tried to approach the officer, who was seated in a police van, when a second officer – defendant MENDOZA – told him to move away from their vehicle.

16. Plaintiff complied and walked away, creating a distance between him and the officers of approximately twenty feet.

17. Three officers – defendants MENDOZA, GONZALEZ and ALIGNI – then exited the police vehicle and approached plaintiff on the sidewalk.

18. Defendant MENDOZA started to curse at plaintiff and demanded to see his ID.

19. Plaintiff asked "What did I do?" and defendant Mendoza threatened to arrest him if he did not comply.

20. Plaintiff attempted to explain that the stopped driver was his brother and that he only approached because he was familiar with defendant GONZALEZ.

21. The officers continued to curse and demean plaintiff.

22. In response plaintiff took out his phone and began to call his wife, who happens to be also be a police officer with the NYPD.

23. But before plaintiff could dial his wife defendant MENDOZA attempted to snatch the phone away from him.

24. Plaintiff held onto the phone and asked the officer what he was doing?

25. Defendant GONZALEZ then grabbed plaintiff's arms and placed his foot behind plaintiff in an attempt at taking him to the ground.

26. Plaintiff did not budge as the defendant took hold of him and attempted to sweep his feet from underneath him.

27. At that moment, other officers arrived on the scene, including defendant WHITTERNEU.

28. Defendant WHITTERNEU exited the police vehicle he arrived in and immediately struck plaintiff on the chin with a closed fist.

29. Defendants MENDOZA, GONZALEZ and ALIGNI then struck plaintiff repeatedly about his body with their arms and fists, eventually knocking plaintiff to the ground, where one of the defendants handcuffed him.

30. As a result of this assault, plaintiff suffered pain about the body and face and a bloody mouth.

31. After he was handcuffed, plaintiff was placed inside of a police vehicle and transported to the 32nd precinct.

32. Sometime later, plaintiff was transported to Central Booking, where defendants filed a criminal complaint with the New York County District Attorney's office falsely alleging that plaintiff assaulted them. As a result, plaintiff was processed and arraigned on charges including felony assault on a police officer (Assault in the Second Degree).

33. Prior to this incident plaintiff had no arrest record.

34. On or about August 15, 2015, all charges against plaintiff were dismissed and records of his arrest and prosecution sealed pursuant to C.P.L.R. Sec. 160.50.

35. At no time during the course of the above-described events did plaintiff commit any act for which he could be arrested, detained or stopped.

36. At no time during the course of the above-described events did plaintiff commit any act that would warrant a legitimate use of force by the defendants.

37. As a result of this incident plaintiff experienced approximately 24 hours of false imprisonment, pain, suffering, and emotional distress.

## AS FOR A FIRST CAUSE OF ACTION
### *DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983*

38. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

39. At all times during the events described above defendants lacked probable cause to arrest plaintiff.

40. At all times during the events described above defendants lacked probable cause to charge Plaintiff with criminal conduct.

41. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

42. All of the aforementioned acts of the defendants were carried out under the color of state law.

43. The defendant officers each had an opportunity to intervene and put a stop to the illegal and unconstitutional acts of their fellow officers and each of the defendants failed to do so.

44. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

45. The acts complained of were carried out by the defendants in their capacity as

police officers, with all actual and/or apparent authority afforded thereto.

46. The acts complained of deprived plaintiff of his rights:

    A. To be free from excessive force;

    B. To be free from false arrest;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from deprivation of liberty without due process of law;

    E. To a fair trial; and

    F. To receive equal protection under the law.

## AS FOR A SECOND CAUSE OF ACTION

### *MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983 AGAINST THE CITY OF NEW YORK*

47. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

48. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff, and is liable for the damages suffered by plaintiff as a result of the conduct of the defendants Police Officers GONZALEZ, MENDOZA, ALIGNI and WITTERNEU. The conduct of the defendants was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

49. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allowed for a group of police officers to arbitrarily assault a member of the public and then arrest him without probable cause and in flagrant violation of their sworn oath to uphold the Constitution.

50.     At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage unconstitutional behavior of the sort described in this complaint.

51.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including the defendants on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

52.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 07/21/2017
        Brooklyn, NY

                                By:     /s/Alexis G. Padilla
                                        Alexis G. Padilla, Esq. [AP7400]
                                        *Attorney for Plaintiff*
                                        *Russell Smith*
                                        575 Decatur Street #3
                                        Brooklyn, NY 11233
                                        (917) 238-2993
                                        Alexpadilla722@gmail.com